**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KELLI A. SEIBERT,**<br>*Plaintiff,*<br>v.<br>**CITY OF PHILADELPHIA,**<br>*Defendant.* | **Case No. 2:25-cv-03090-JDW** |

**MEMORANDUM**

Workplace disputes happen. When I dismissed Kelli Seibert's initial Complaint, I explained that a lawsuit has to plausibly suggest discrimination on the basis or race or sex, not just workplace disputes generally. Ms. Seibert's Revised Amended Complaint falls short of that bar. She has added a few additional facts and makes conclusory assertions that discrimination motivated the people around her. That's not enough, though. She needed to allege facts, not state conclusions, to make her claim of discrimination plausible. Having had two bites at the apple, I will not give her a third. I will dismiss her claims with prejudice.

## I. BACKGROUND

### A. Ms. Seibert's Employment

Ms. Seibert worked for the Philadelphia Department Of Human Services as a Social Work Services Manager II from March 2021 until her resignation on March 11, 2024. She

had several problems with what she describes as "race-related conduct and differential treatment" prior to October 23, 2023. (ECF No. 17 at ¶ 29.) Throughout her employment, she experienced a litany of problems with coworkers and supervisors. These included:

- A supervisor asking why she chose to move to "their" city;
- She was the subject of Employee Violation Reports in October, November, and December 2023, and she was not told the reason for the last one;
- She complained about the way her supervisor treated her, claiming that it created a hostile work environment and asked for reassignment to a new supervisor;
- She encountered problems trying to take sick leave;
- She refused to meet about the final EVR and then complained that her superiors were using the grievance process against her;
- She went to management to explain how she saw racism in the workplace; and
- She took FMLA leave.

**B. Procedural History**

Ms. Seibert filed this case on June 11, 2025, along with a motion to proceed *in forma pauperis*. I denied the motion to proceed *in forma pauperis* on June 23, 2025, and Ms. Seibert paid the required fee on June 26, 2025. On November 19, 2025, the City moved to dismiss. I granted that motion on March 13, 2026. I dismissed with prejudice claims for retaliation, failure to promote, harassment, and failure to accommodate. I dismissed claims for race and sex discrimination without prejudice, and I granted Ms. Seibert leave to amend those claims. On March 26, 2026, Ms. Seibert moved for leave to file an amended complaint, and I granted that motion on May 11, 2026. Ms. Seibert filed her

Revised Amended Complaint on May 20, 2026. On June 10, 2026, the City of Philadelphia moved to dismiss, and that Motion is now ripe.

## II. LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "[r]ules demand 'only a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation omitted). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786-87 (citation omitted). First, the court must identify the elements needed to set forth a particular claim. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted). When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. ANALYSIS

### A. Race And Sex Discrimination

Title VII prohibits employers from discriminating against employees because of protected characteristics, including race and sex. To overcome the motion to dismiss, "it is enough [for Ms. Seibert] to allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly*, 809 F.3d at 789. Even after giving Ms. Seibert a chance to amend her complaint, nothing in her Amended Complaint plausibly suggests that DHS took any adverse employment action against her because of her race or sex. Although Ms. Seibert details many adverse employment actions, she fails to establish any connection between these adverse outcomes and a protected characteristic to allow her to proceed under Title VII.

Ms. Seibert's Amended Complaint does not cure the deficiencies in her Initial Complaint. Despite adding some facts, her allegations remain conclusory and lack the factual plausibility required to survive a motion to dismiss. Although she asserts that some of the actions that supervisors took were discriminatory, she does not offer any facts to back up those conclusions. No facts suggest that anyone held racial or sexual animus. Nor does she tie any adverse actions against her to any supposed animus. In short, her Revised Amended Complaint presents a story of an unpleasant workplace, and maybe even an unfair one. But none of the facts hints at discriminatory animus.

Ms. Seibert's claims fare no better by relying on factual allegations raised for the first time in her Response to the City's Motion to Dismiss. As a rule, a party may not allege new factual allegations in response to a motion to dismiss. *See Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). But even if I liberally construe Ms. Seibert's Response to be part of her Amended Complaint, the alleged racial and sexual discrimination is insufficient to survive the motion to dismiss. Ms. Seibert alleges that a co-worker asked her if she "ate black food" and that "[t]his same co-worker blocked coworker physically from entering her cubicle." (ECF No. 19 at 7.) Ms. Seibert does not address how these interactions with an unnamed co-worker affected her employment status. Even liberally construing these additional factual allegations to be part of Ms. Seibert's Revised Amended Complaint, she still fails to plead sufficient facts to establish a plausible Title VII claim for racial discrimination against the City of Philadelphia.

**B. Hostile Work Environment**

In her Amended Complaint, Ms. Seibert alleges a hostile work environment in violation of Title VII, or alternatively, in violation of 42 U.S.C. § 1981 or 43 P.S. § 951. (ECF No. 17 at 16, 19, 20.) Ms. Seibert is barred from bringing a claim under 42 U.S.C. § 1981, as § 1981 applies only to private employers and labor organizations, but not federal, state, or local government employers. Thus, Ms. Seibert cannot bring any claims against the City of Philadelphia using § 1981. Ms. Seibert properly exhausted her administrative remedies

for a hostile work environment claim under Title VII and 43 P.S. § 951, so she canbring claims under Title VII and 43 P.S. § 951.[1]

Though Ms. Seibert exhausted her administrative remedies to file claims under Title VII and 43 P.S. § 951, her Amended Complaint does not allege facts sufficient to state a plausible hostile work environment claim under either statute. A hostile work environment claim requires allegations that the plaintiff experienced severe or pervasive harassment because of a protected characteristic. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002). Ms. Seibert alleges that the City of Philadelphia "created a hostile work environment due to sex and race by increasing work assignments, disciplining employee, changing timesheets" and involving Ms. Seibert in various other workplace disputes. (ECF No. 17 at 16.) But her allegations don't show that she suffered discrimination because of a protected characteristic, either race or sex. Ms. Seibert details unpleasant workplace disputes without an obvious connection to race or sex. She relies on legal conclusions to

[1] On Ms. Seibert's Equal Employment Opportunity Commission (EEOC) charge form, she alleged that her supervisor harassed her and other female employees. Accordingly, her EEOC charge form fairly presents a hostile work environment claim. *See Waiters v. Parsons*, 729 F.2d 233, 237 (3d. Cir 1984). As her EEOC charge form included a hostile work environment claim, its filing with the EEOC also constituted a filing with the Pennsylvania Human Relations Commission (PHRC) for a hostile work environment claim, as Pennsylvania has "[…] a workshare agreement between the EEOC and the PHRC whereby a complaint filed with the EEOC is transmitted by the EEOC to the PHRC and constitutes a filing of a complaint with the PHRC." *Brown v. Cont'l Baking Co.*, 891 F. Supp. 238, 243 n. 6 (E.D. Pa. 1995). Therefore, Ms. Seibert filed an administrative complaint with the PHRC and can bring suit under the Pennsylvania Human Rights Act using 43 P.S. § 951. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997).

argue that the negative environment was "based on her sex and race." *Id.* These conclusory statements lack the factual support necessary to render them plausible. Accordingly, I will dismiss Ms. Seibert's hostile work environment claim for not adequately stating a claim upon which relief can be granted.

## IV. CONCLUSION

Ms. Seibert's Revised Amended Complaint describes workplace disputes and disciplinary actions during her employment. Even when I read it as liberally as possible, the allegations do not plausibly suggest race or sex discrimination or a hostile work environment. I afforded Ms. Seibert the opportunity to amend her initial complaint to plead adequate facts to survive a motion to dismiss. She asserted minimal additional facts, none of which allows her to stay in court. Therefore, I will dismiss all of Ms. Seibert's claims with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 27, 2026